IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-431-RJC-DCK

| | |
|---|---|
| DELSONYA WILKINS-BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ESSITY PROFESSIONAL HYGIENE ) | |
| NORTH AMERICA LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Protective Order" (Document No. 19) filed May 14, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion. The Court adopts the parties' proposed consent protective order as follows:

**IT IS, THEREFORE, ORDERED** by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "CONFIDENTIAL" information or documents may be referred to collectively as "confidential information."

   a. "Confidential Information" means and includes the following:

i. information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party;

ii. information regarding or other documents containing private employment-related information, health-related information, spouse and other dependent information, and all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information;

iii. medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered; and

iv. federal or state income tax returns or other financial information of any party.

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action or any appeal taken from a final judgment entered in the case.

2

Case 3:23-cv-00431-RJC-DCK   Document 20   Filed 05/15/24   Page 2 of 7

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees or contractors of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for their testimony and may not retain the confidential information;

    e. The Court or the jury at trial or as exhibits to motions; and

    f. Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by them for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and

c. obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A.

6. If any party inadvertently fails to designate any material as confidential information pre-production, it may correct its error at any time utilizing the following procedures. Upon learning that confidential information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving party and, at the producing party's option, either provide substituted copies of the confidential information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (e.g., retained consultants) to the designating party or to otherwise destroy the unmarked materials within ten (10) business days of any written notice of an omitted designation, or to make all reasonable efforts to label the confidential information appropriately as requested by the designating party.

7. This Order shall be governed by and interpreted in accordance with Rule 502 of the Federal Rules of Evidence. Each party may review documents and communications for privileged information (or other information subject to a recognized immunity from discovery) prior to production. Subject to the provisions of this Order, if a party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with this matter that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work-product

protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other state or federal litigation or action, any arbitration, or any other proceeding—of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter (i.e., irrespective of any such disclosure). Documents or portions thereof withheld on privilege grounds will be identified in a privilege log. Where a Party is asserting privilege on the same basis with respect to multiple documents, such descriptions may be provided by group or category. The obligation to provide a log of privileged or work product materials shall not apply to attorney-client communications or work product created on or after the date Plaintiff filed her Charge or Complaint of Discrimination with the Equal Employment Opportunity Commission. Documents that contain both privileged and non-privileged information will be produced with the privileged information redacted in such a way as to show the location of the redaction within the document and the reason therefore (e.g., "Attorney-Client Privilege" or "Work Product" or equivalent) and need not be included on the privilege log.

8. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

9. All materials designated as confidential in accordance with the terms of this Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information shall be filed under seal and kept under seal until further order of the Court.

5

Case 3:23-cv-00431-RJC-DCK   Document 20   Filed 05/15/24   Page 5 of 7

10. Ultimate disposition of protected materials is subject to final order of the Court upon completion of this litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree that counsel for each party shall, not later than forty-five (45) days after the termination of this litigation, collect from any experts, consultants or third party witnesses to whom any documents containing Confidential Information were disclosed pursuant to the terms of this Order, any and all documents containing Confidential Information, including without limitation, any copies or excerpts of such documents. Counsel of record for each party shall be permitted to retain in their files a copy of all documents containing information subject to this Order obtained during the course of this litigation, pursuant to the North Carolina Rules of Professional Conduct; provided, however, the prohibitions against the use or disclosure of Confidential Information as set forth above shall continue to apply to said counsel.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information, or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

12. The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

**SO ORDERED**.

Signed: May 14, 2024

_____
David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

  I have read and am familiar with the terms of the Consent Protective Order governing the disclosure of confidential information in the case of **Delsonya Wilkins-Bailey v. Essity Professional Hygiene North America LLC** and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

  I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

Name: _____

Date: _____

7

Case 3:23-cv-00431-RJC-DCK   Document 20   Filed 05/15/24   Page 7 of 7